UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC.,

        Plaintiff,

v.

SR INTERNATIONAL BUSINESS INSURANCE COMPANY LTD,

        Defendant.

No. C05-1177 MJP

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION TO STAY

        This matter comes before the Court 1) on Defendant's motion to dismiss or, alternatively, for a stay; 2) on Plaintiff's motion for preliminary injunction; and 3) on Defendant's motion to file a Sur-Reply relating to that motion. (Dkt. Nos. 11, 17, and 31). Having received and reviewed these motions and all other documents submitted, the Court finds no bar to this action and, therefore, DENIES Defendant's motion to dismiss. The Court also finds that the issue of whether the parties' coverage dispute is arbitrable was first before a state court in Illinois and then properly removed to the U.S. District Court for the Northern District of Illinois. Accordingly, the Court GRANTS Defendant's motion to stay in favor of those proceedings and does not reach the merits of Plaintiff's motion for preliminary injunction. Finally, the Court GRANTS Defendant's motion for leave to file a Sur-Reply relating to that motion.

## BACKGROUND

        In 2001, two class action lawsuits were filed before Judge Lasnik against Amazon.com ("Amazon") alleging wrongdoing on the part of Amazon's directors and officers which resulted in

ORDER - 1

inflation of prices for various Amazon securities. ("Argent" and "Shareholder" actions). Prior to the two class actions, Amazon purchased an insurance policy for its directors and officers ("the Policy") from Swiss Re in the amount of $10 million in excess of $30 million. (Compl. at ¶ 18). Although preliminary settlement agreements reached in those lawsuits contemplated Amazon's liability in excess of $30 million, the parties disputed whether Swiss Re was required to indemnify Amazon under the Policy. Amazon filed a prior action seeking a declaration of Swiss Re's liability, but that action was dismissed by this Court for lack of ripeness in June 2005.

Judge Lasnik issued judgments finalizing the $20 million Argent settlement and the $27.5 million Shareholder settlement on October 20, 2005 and November 10, 2005 respectively. Amazon argues that final orders in the underlying actions trigger Swiss Re's duty to indemnify Amazon under the Policy. Swiss Re maintains that its liability to Amazon should be determined through arbitration. (Def.'s Mot. to Dismiss at 15). Because Amazon refuses to arbitrate, on September 6, 2005, Swiss Re filed an action in Illinois state court to determine the arbitrability of the coverage dispute. Amazon removed that case to the U.S. District Court for the Northern District of Illinois (the "Illinois court") on September 29, 2005. While Amazon asks this Court to enjoin arbitration, Swiss Re asks the Court to allow the Illinois court to determine whether the dispute should be subject to arbitration.

ANALYSIS

**A.     Swiss Re's Motion to Dismiss**

Swiss Re brings this motion arguing that the Complaint should be dismissed because Amazon's claim 1) is barred by res judicata; 2) is not ripe; 3) is barred by an Alternative Dispute Resolution ("ADR") provision in the Policy; and 4) is barred by a no action clause in the Policy. The Court rejects these arguments and DENIES Swiss Re's motion for the following three reasons.

First, Amazon's claim is not barred by res judicata simply because its last claim was dismissed. To establish res judicata one must show : (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005). Regarding identity of claims, res judicata requires that a claim rely on new facts, and not

ORDER - 2

merely those that existed at the time of the first dismissal. Dozier v. Ford Motor Co., 702 F.2d 1189, 1192, n.4 (D.C. Cir. 1983). Here, Amazon has alleged new facts, including final judgments on the Argent and Shareholder actions. Accordingly, Amazon brings a claim that is based on Swiss Re's failure to indemnify it for settled liability and which is distinct from its earlier claim dismissed as hypothetical. Thus, there is no identity of claims for purposes of res judicata.

Second, Amazon's claim is ripe. The Ninth Circuit has held that a case or controversy exists in a declaratory judgment action brought to determine an insurer's duty to defend or indemnify. See American States Ins. Co. v. Kearns, 15 F.3d 142, 144 (9th Cir. 1994); Aetna Casualty and Sur. Vo. v. Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992). Here, Amazon brings a declaratory judgment action to determine whether Swiss Re must defend and indemnify it in connection with the Shareholder and Argent actions, which resulted in final judgments requiring Amazon to pay $47.5 million dollars in damages. Thus, this case involves a controversy ripe for consideration.

Third, the plain language of the "no action" clause and the ADR provision do not support dismissal. The "no action" clause states that:

> no action shall lie against the Insurer unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, **or** until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against such Insured after actual trial or by written agreement of the Insured, the claimant and the insurer.

(Def.'s Mot. to Dismiss, Ex. 1 at 64) (emphasis added). The ADR provision states that:

> all disputes or differences . . . shall be submitted to the alternative dispute resolution ("ADR") process . . . . Either the Insurer or an Insured may elect the type of ADR process . . . provided, however, that such Insured shall have the right to reject the Insurer's choice of the type of ADR process at any time prior to its commencement, in which case such Insured's choice of ADR process shall control . . . The Insurer and . . . Insured . . . [agree] . . . that there shall be two choices or ADR process: (1) non-binding mediation administered by the American Arbitration Association. . . or (2) arbitration submitted to the American Arbitration Association . . . .

(Id. at 63-64). The Complaint alleges facts reasonably construed to claim that Amazon complied with the terms of the Policy and engaged in mediation with Swiss Re regarding coverage issues beginning in June 2003 and terminating August 9, 2004. (Compl. at ¶¶ 37, 41, and 42). The Court must accept

ORDER - 3

Amazon's allegations as true for purposes of Defendant's motion to dismiss and therefore, cannot dismiss based on the ADR provision or the "no action" clause.

**B.      Swiss Re's Motion to Stay**

Section 2 of the Federal Arbitration Act ("FAA") is a congressional declaration of a liberal federal policy favoring arbitration agreements. <u>Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 24 (1983); 9 U.S.C. § 2. Accordingly, courts have recognized that a party desiring arbitration of a dispute before a district court may seek a stay of the court proceedings under 9 U.S.C. § 3. <u>Sink v. Aden Enterprises, Inc.</u>, 352 F.3d 1197, 1201 (9th Cir. 2003). In fact, if the issues in the case fall within the scope of an arbitration agreement subject to the FAA, there is no discretion vested in the district court to deny the stay. <u>U.S. v. Bankers Ins. Co.</u>, 245 F.3d 315, 319 (4th Cir. 2001); <u>Pearce v. E.F. Hutton Group, Inc.</u>, 828 F.2d 826, 830, (D.C. Cir. 1987). Here, Swiss Re seeks to have its coverage dispute with Amazon arbitrated and has properly petitioned the Illinois Court to determine whether the dispute is arbitrable.

There is a generally recognized doctrine of federal comity, known as the "first to file" rule which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. <u>Pacesetter Systems, Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 94-95 (1982). It is a rule designed to promote efficiency, avoid the embarrassment of conflicting judgments, and should not be disregarded lightly. <u>Church of Scientology of California v. U.S. Dept. of Army</u> 611 F.2d 738, 750 (9th Cir. 1979). For purposes of the first to file rule in situations where a case has been removed from state court, the state court filing date is the relevant benchmark. <u>Mfgs. Hanover Trust Co. v. Palmer Corp.</u>, 798 F.Supp. 161, 166 (S.D.N.Y. 1992). Here, Swiss Re filed its complaint for declaratory relief in Illinois state court on September 6, 2005; that is the relevant date for the "first to file" analysis. Although Amazon filed its Complaint on June 30, 2005, it first raised the arbitration issue in this Court in its motion for preliminary injunction on September 13, 2005, seven days after the Illinois action was initiated. Thus, the arbitration issue was squarely before the Illinois Court prior to being raised with this Court.

ORDER - 4

However, determination of the respective filing dates does not end the inquiry under the "first to file" rule. Pacesetter, 678 F.2d at 95. The rule should be applied with a view to the dictates of sound judicial administration and promoting efficiency. Id. Because the issue was filed in Illinois nearly two months ago, common sense and notions of efficiency suggest that this Court defer to the court having such a head start on the issue. Further, the Policy identifies Chicago as an appropriate location for arbitration; Seattle was not so identified. Given both parties' willingness to arbitrate in Chicago, the Court has difficulty disregarding principles of comity and interfering with the Illinois court's handling of the arbitrability issue. Thus, the Court GRANTS Defendant's motion to stay these proceedings until the Illinois court determines whether the coverage dispute is arbitrable and during arbitration proceedings, which may or may not be compelled by that court.

**C.     Amazon's Motion for Preliminary Injunction**

Because these proceedings are stayed the Court need not reach Amazon's motion for preliminary injunction.

**C.     Swiss Re's Motion Requesting Leave to File a Sur-Reply in Opposition to Amazon's Motion for Preliminary Injunction**

The Illinois action to determine the arbitrability of the coverage dispute was removed to federal court by Amazon after the motions before this Court were filed. Because this factual development changed the landscape of the litigation, the Court GRANTS Swiss Re's motion for leave to file a Sur-Reply in opposition to Amazon's motion for preliminary injunction so that Swiss Re may address these new facts.

CONCLUSION

Amazon's claim is ripe and distinct from its earlier dismissed claim. Further, Amazon has pled facts that, if true, establish that its claim is not barred by the "no action" clause or ADR provision within the Policy. Therefore, the Court DENIES Swiss Re's motion to dismiss. However, in light of the federal preference for arbitration and established principles of comity, the Court GRANTS Swiss Re's motion to stay these proceedings until the arbitrability issue is resolved in Illinois and during arbitration proceedings, which may or may not be compelled by the Illinois court. Finally, the Court

ORDER - 5

GRANTS Swiss Re's motion for leave to file a Sur-Reply as it references critical facts regarding removal of the Illinois state case to federal court.

Dated: November 29th, 2005.

*[signature]*
Marsha J. Pechman
United States District Judge

ORDER - 6