UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC.,

            Plaintiff,

v.

SR INTERNATIONAL BUSINESS INSURANCE CO., LTD.,

            Defendant.

No. C05-1177P

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

      This matter comes before the Court on Plaintiff's Motion for Reconsideration. (Dkt. No. 34). On November 29, 2005, this Court issued an Order Denying Defendant's Motion to Dismiss and Granting Defendant's Motion to Stay. (Dkt. 32). On December 30, 2005, this Court issued an order calling for a response to Plaintiff's Motion for Reconsideration and setting forth a briefing schedule for the response and reply to that motion.(Dkt. No. 35).

      Plaintiff argues in its Motion for Reconsideration that the Court erred by not acknowledging Seattle to be an agreed-upon site for arbitration of this matter. Plaintiff also asserts that the Court's ruling creates a heightened pleading requirement that would require plaintiffs everywhere to mention the non-arbitrability of a dispute in their complaints or risk forum-shopping by defendants. Plaintiff contends that this requirement would cause plaintiffs everywhere to lose the chance at getting defendants to waive arbitrability and encourage forum-shopping. Defendant argues that Plaintiff should have made this argument in the original round of briefing and that this Court has the flexibility to stay this case and allow the arbitration issue to proceed in Illinois, where arbitration in this case has

ORDER - 1

already commenced. Notwithstanding Plaintiff's argument, the Court finds that the first to file rule is a flexible one and that the interests of judicial economy support allowing the action in the Illinois Court to proceed. Reconsideration is DENIED.

**Analysis**

In this Court's Order calling for a response to Plaintiff's Motion, the Court acknowledged that it erred factually by not recognizing Seattle as an agreed-upon site of arbitration by the parties. Plaintiff also argues that this Court's order staying this case creates a heightened pleading requirement for plaintiffs everywhere because one of the factors that the Court took into consideration was that the arbitration issue was explicitly before the court in Illinois before it was raised in this Court. (Pl's Mot. at 2). Plaintiff asserts that this ruling constitutes manifest error on the part of the Court because Plaintiff filed its Complaint before this Court on June 30, 2005, while the Illinois action was not commenced by Defendant Swiss Re until September 6, 2005. Plaintiff points out that Defendant raised the issue of arbitration in this Court on August 22, 2005.

While the Court noted that Amazon's action had been filed in this Court first, it also noted that the "first to file" rule is a flexible one that should take into account considerations of judicial economy. (Dkt. No. 32 at 5) (citing Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F. 2d 93, 94-95 (9th Cir. 1982). The Court's assessment of judicial economy was based on the fact that an arbitration demand had been filed in Illinois. For this reason, allowing the Illinois court to proceed with this action seemed to be the most efficient use of judicial resources. This analysis does not depend upon whether or not the Court recognized Seattle as a potential locus for arbitration. Accordingly, the Court DENIES reconsideration. All matters in this case are stayed pending the resolution of the arbitrability issue by the Illinois Court. The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: March 7, 2006.

Marsha J. Pechman
United States District Judge

ORDER - 2